UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 06-264-GWU

DANNY R. REYNOLDS,                                               PLAINTIFF,

VS:                   MEMORANDUM OPINION

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,            DEFENDANT,

## INTRODUCTION

Danny Reynolds brought this action to obtain judicial review of an unfavorable administrative decision on his application for Disability Insurance Benefits. The case is before the Court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has established the following test for judicial analysis of benefit denial cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 416.921.

4. Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5. Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix I (Listing of Impairments)? If yes,

1

>the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).
>
>6. Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform his kind of past relevant work? If yes, the claimant is not disabled. If no, proceed to step 7. See 20 C.F.R. 404.1520(e), 416.920(e).
>
>7. Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(l).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1985).

In applying this analysis, it must be remembered that the principles applicable to judicial review of administrative agency action apply. Judicial review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence and in deciding whether the Commissioner employed the proper criteria in reaching his conclusion; the findings as to any fact, if supported by substantial evidence, shall be conclusive. Id. This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion"; it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Id.

One of the factors in the administrative record may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742

F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).

Additional information regarding the specific steps of the seven-part Garner test cited earlier is also valuable.

In step three of the analysis, the issue is whether the plaintiff has a "severe impairment," defined by the regulations to mean one which significantly limits one's ability to perform basic work activities, which is in turn defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. 404.1521, 416.921. The Sixth Circuit has definitely cautioned against overly-restrictive interpretation of this term. Farris v. Secretary of Health and Human Services, 773 F.2d 85 (6th Cir. 1985). The burden is upon the plaintiff, however, to provide evidence complete and detailed enough to enable the Commissioner to determine that there is such a "severe impairment," Landsaw v. Secretary of Health and Human Services, 803 F.2d 211 (6th Cir. 1986).

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that she or he is unable to return to this work. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways that the Commissioner may meet his burden is through the use of the medical-vocational guidelines.

However, the medical vocational guidelines themselves may not even be fully applicable if a non-exertional impairment is involved.  When this happens, the Commissioner may use the rules as a framework for decision-making. 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e).  It may often be required for the agency to consult a vocational specialist in such cases.  Damron v. Secretary, 778 F.2d 279 (6th Cir. 1985).  Nonetheless, the finding by the Commissioner that a non-exertional impairment does not significantly affect the level of work that a claimant can do must be tantamount to a finding that this additional impairment is non-severe.  Wages v. Secretary of Health and Human Services, 755 F.2d 495 (6th Cir.  1985).

One of the residual functional levels used in the guidelines, called "medium" level work, involves lifting no more than fifty pounds at a time with frequent lifting or carrying of objections weighing up to twenty-five pounds; a person capable of this level of exertion is also deemed capable of performing at lesser levels of "light" and "sedentary."  20 C.F.R. 404.1567(c), 416.967(c). "Light" level work, involves the lifting of no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is in this category when it involves a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of work activity, must have the ability to do substantially all these activities.  20 C.F.R. 404.1567(b), 416.967(b).  A "sedentary" level job encompasses the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing.  20 C.F.R. 404.1567(a), 416.967(a). The guidelines make it clear that disabilities such as postural restrictions or the lack of bilateral manual dexterity compromise a person's ability to do a full range

of this type of work; they also indicate that a finding of disabled is not precluded when the person is not able to do a full range of sedentary work, even if that person is a "younger individual." 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e), 201.00(h).

Substantial evidence may be produced through reliance on the testimony of a vocational expert in response to a hypothetical question, but only "if the question accurately portrays (plaintiff's) individual physical and mental impairments." Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Reynolds, a 35 year-old former stock person and machine operator with a high school education, suffered from impairments related to degenerative disc disease, arthritis, depression and a generalized anxiety disorder. (Tr. 21). While the plaintiff was found to be unable to return to his past relevant work, the ALJ determined that he retained the residual functional capacity to perform a restricted range of light level work. (Tr. 21). Since the available work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally disabled. (Tr. 21-22). The ALJ based this decision, in large part, upon the testimony of a vocational expert. (Tr. 20).

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence. Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff.

The hypothetical question initially presented to Vocational Expert Anne Thomas included an exertional limitation to light level work requiring a sit/stand

option. (Tr. 456). In response, the witness identified a significant number of jobs with approximately 1,000,000 positions which could still be performed, including such jobs as production assembler, hand packer, and production laborer. (Tr. 457). The ALJ then added a limitation concerning an inability to more than occasionally bend or stoop. (Tr. 457). Thomas testified that this would reduce the available job base by 10 percent. (Tr. 457). Finally, the ALJ included an inability to deal with the public. (Tr. 457). This would reduce the available job base by about 50 percent, but still leave a significant number of positions available. (Tr. 457). Therefore, assuming that the vocational factors considered by Thomas fairly depicted Reynolds' condition, then a finding of disabled status, within the meaning of the Social Security Act, is precluded.

With regard to the framing of the physical factors of the hypothetical question, the undersigned finds no error. Dr. Magdy El-Kalliny, Reynolds' treating orthopedic surgeon, opined that he could still lift 25 pounds. (Tr. 157). The ALJ's findings were consistent with this opinion. More severe physical limitations were not reported by such treating and examining sources as Dr. Betsy Reynolds (Tr. 137-141), Dr. Jeff Reichard (Tr. 171-173), Dr. Jeffrey Golden (Tr. 174-179, 268-269, 293-297) and the staff at Lake Cumberland Regional Hospital (Tr. 327-349). The reports provide substantial evidence to support the administrative decision.

Dr. George Caudill, another treating source, identified extremely severe physical limitations in March of 2002 and March of 2005. (Tr. 180-181, 301-304). The ALJ rejected this opinion because it was not supported by sufficient objective medical data <u>and</u> was offset by that of Dr. El-Kalliny, the treating orthopedic specialist. (Tr. 19). This action would appear appropriate.

The Court notes that Dr. Calixto Hernandez (Tr. 218-223) and Dr. David

6

Swan (Tr. 224-232), the non-examining medical reviewers, each reported the existence of a inability to more than occasionally climb ladders, ropes and scaffolds which was not presented to the vocational expert. These opinions are outweighed by that of Dr. El-Kalliny, the treating source. Therefore, the ALJ dealt properly with the evidence of record relating to Reynolds' physical condition.

The ALJ also dealt properly with the evidence of record relating to Reynolds' mental condition. Psychologist Gary Maryman, an examining consultant, indicated that the plaintiff would be somewhat limited in dealing with the public, a restriction presented to Thomas. (Tr. 170). More severe mental restrictions were not reported by Dr. Zev Zusman, the claimant's treating mental health specialist. (Tr. 188-195, 253-261). Zusman rated the plaintiff's Global Assessment of Functioning (GAF) at 65. (Tr. 195). Such a GAF suggests the existence of "mild" psychological symptoms compatible with the ALJ's findings according to the American Psychiatric Association's <u>Diagnostic and Statistical Manual for Mental Disorders</u> (4th Ed.-Revised 1994). These opinions provide substantial evidence to support the administrative decision.

Psychologist Blaine Pinaire, another examiner, reported the existence of "poor" ability to handle complex job instructions. (Tr. 291). To the extent that Pinaire's findings might appear more severe than those found by the ALJ, his opinion is offset that that of the equally-placed Maryman.

More severe mental restrictions than those presented in the hypothetical question were identified by Psychologists Edward Ross (Tr. 196-197) and Ilze Sillers (Tr. 233-234), the non-examining medical reviewers. These opinions were outweighed by that of Maryman and, so, not binding on the ALJ.

Reynolds asserts that the ALJ did not have sufficient grounds to find that

7

his hearing testimony was not credible. Among the reasons cited by the ALJ were that Maryman found his claims of experiencing hallucinations to be questionable and these were never reported to Zusman, the treating mental health professional.[1] (Tr. 18-19). The ALJ also cited the opinion of Dr. El-Kalliny as well as the modest physical findings of Dr. Reichard. (Tr. 18-19). Therefore, the ALJ had good grounds to reject the claimant's credibility.

The undersigned concludes that the administrative decision should be affirmed. Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff. A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 14th day of March, 2007.

Signed By:

*G. Wix Unthank*

**United States Senior Judge**

---

[1] Pinaire also found the plaintiff's claims of suffering from hallucinations to be questionable and inconsistent with his presentation. (Tr. 284).